ON PETITION FOR REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-6700

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY TATE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge.  (CR-97-38-H, CA-99-437-5-H)

Submitted:  May 24, 2001                Decided:  June 11, 2001

Before MURNAGHAN,* WILKINS, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jeffrey Tate, Appellant Pro Se.  Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

* Judge Murnaghan was assigned to the panel in this case but died prior to the time the decision was filed.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Tate seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. See United States v. Tate, Nos. CR-97-38-H; CA-99-437-5-H (E.D.N.C. Apr. 14, 2000).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

DISMISSED

---

[*] We previously granted Tate's petition for rehearing and placed his appeal in abeyance for United States v. Jones, No. 00-7249. We recently held, however, in United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), that the new rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), is not retroactively applicable to cases on collateral review. Accordingly, the Apprendi claim Tate asserted for the first time in his letter pursuant to Fed. R. App. P. 28(j) is not cognizable. We therefore remove this appeal from abeyance because we conclude Sanders is dispositive of Tate's Apprendi claim.

2